UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 11-10105-CIV-KING

JESSE BENNETT, et. al.,

    Plaintiffs,

vs.

HAYES ROBERTSON GROUP,
INC., et. al.,

    Defendants.

_____/

## ORDER DENYING RULE 23 CERTIFICATION WITH RESPECT TO COUNT I, GRANTING CONDITIONAL, SECTION 216(B) CERTIFICATION AS TO COUNT II

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion for Declaration of a Class Action (the "Motion") (DE #60), filed June 15, 2012. Therein, Plaintiffs seek to certify a "hybrid" class action, encompassing a Rule 23(b)(3) representative class to prosecute Count I for Florida minimum wage violations and a 29 U.S.C. § 216(b) opt-in class to prosecute Count II for failure to pay overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.* Defendants oppose class treatment of any of Plaintiffs' claims. *See* Response (DE #75). Upon careful consideration of the arguments set forth in the pleadings and the parties' evidentiary submission, the Court finds that Plaintiffs have failed to meet the requirements of Rule 23 for class certification as to Count I, but have satisfied the more lenient requirements of 29 U.S.C. § 216(b) for conditional, collective action certification as to Count II.

## BACKGROUND

    This is an action by twenty-one current and former employees of five Key West, Florida restaurants, which Plaintiffs allege operate under the common ownership and control of three

corporate and two individual Defendant employers.[1] Plaintiffs allege that Defendants failed to pay Plaintiffs and other similarly-situated employees the required minimum wages from June 15, 2007 through March 11, 2011 and the required overtime wages from June 15, 2009 through May 30, 2011. *See* Motion, at 6, 16. Specifically, Plaintiffs allege that the Corporate Defendants, under the direction and operational control of the Individual Defendants: (1) maintained a "unified policy" of deducting $3.00 per shift from tipped employees, which had the effect of reducing employees' wages below the requirements of minimum wage, (2) and willfully failed to pay employees the correct or any overtime wages. *Id.* at 10–11, 18–19.

The initial Complaint (DE #1) was filed on December 30, 2011 by four former employees of one or more of the Defendants' restaurants seeking to recover unpaid minimum wages. The Complaint has since been amended three times to add seventeen additional Plaintiffs, who are alleged to have performed the same or substantially similar jobs as servers, bartenders, and hostesses, as well as an additional claim for overtime wage violations (Count II), and certain class action allegations. The Fourth Amended Complaint ("FAC") (DE #35), filed March 23, 2012, is now the operative pleading.

Defendants generally deny the entirety of the FAC and affirmatively defend on the basis that Defendants are not a "joint employer" under the statute, Plaintiffs are not "similarly situated" to each other or any other person for purposes of the FLSA, cannot satisfy the requirements for a collective action under the FLSA, and were paid all compensation to which

---

[1] Plaintiffs' "joint employer" allegations are stated in paragraphs 8–15 of the Fourth Amended Complaint. The defendant corporations, Hayes Robertson Group, Inc., Redfish Bluefish, Inc., and 37 Court Investments, Inc., are referred to herein as the "Corporate Defendants." The individual defendants, Caren Winnifred Dement and Joseph H. Walsh, are referred to herein as the "Individual Defendants," who, together with the Corporate Defendants, are collectively referred to as "Defendants."

they were entitled under the FLSA or Florida Statutes. *See* Answer and Affirmative Defenses (DE #39).

Before the Court now is Plaintiffs' Motion for Declaration of a Class Action (DE #60), filed in accordance with the Court's Scheduling Order (DE #56), which set a July 16, 2012 collective action certification deadline. Defendants oppose class certification under either Rule 23 or FLSA and take issue with the form notices attached to Plaintiffs' Motion at Exhibits 8 and 9. *See* Response, at 12–19.

For the reasons set forth fully below, the Court finds it must deny Plaintiffs' Motion as to Count I, which fails to meet the requirements for Rule 23 certification, and grant Plaintiffs' Motion as to Count II for conditional collective action certification in part.

## ANALYSIS

Plaintiffs move this Court under two bases. First, Plaintiffs seek class certification under Federal Rule of Civil Procedure 23(a) and (b)(3) for violations of Florida Minimum Wage. Second, Plaintiffs seek class certification under 29 U.S.C. § 216(b) for violations under the Fair Labor Standards Act.

Hybrid class action suits under Rule 23 (for state law minimum wages) and 29 U.S.C. § 216(b) (for overtime) may proceed without conflict. *See generally* Advisory Committee's Notes to Federal Rule 23(b)(3) ("The present provisions of 29 U.S.C. § 216(b) are not intended to be affected by Rule 23, as amended."). *See also, e.g., Prickett v. DeKalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003) (distinguishing opt-in procedure under FLSA and Rule 23); *Scantland v. Jeffry Knight, Inc.*, No. 8:09–CV–1985–T–17TBM, 2010 WL 4117683, at *4 (M.D. Fla. Sept. 29, 2010) (recognizing "hybrid class actions") (citing *Lindsay v. Government Employees Insurance Co.,* 448 F.3d 416 (D.C. Cir. 2006)); *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 977 (7th Cir. 2011) (finding that there is "ample evidence that a combined action is

consistent with the regime Congress has established in the FLSA."). As such, "claims subject to certification under § 216(b) may appropriately be brought in the same lawsuit as claims subject to certification under Rule 23 where, . . . , the essential facts and issues regarding each set of claims are likely to be the same and proceedings are not likely to be rendered unduly burdensome by inclusion of both sets of claims." *Jimenez-Orozco v. Baker Roofing Co.*, No. 5:05-CV-34-FL, 2007 WL 4568972, at *6 (E.D.N.C. Dec. 21, 2007) (certifying hybrid action).

## I.  Rule 23 Certification: Florida Minimum Wage Claims (Count I)

With respect to Count I, Plaintiffs seek to certify a single class under Rule 23 to litigate Defendants' alleged violation of Section 448.110 of the Florida Statutes.[2] The Court has considered Plaintiffs' Motion, the proposed class definition, the Fourth Amended Complaint, and evidence currently in the record, and finds that the case is not in a posture to be tried as a class action. Specifically, the class definition's lack of precision, the lack of typicality of the proposed class representatives, and the individualized issues and proof regarding each employee's knowledge of the "tip credit" policy, as well as the validity of "tip pool," all militate against adjudicating this claim in a class action. Accordingly, the Court finds that it must deny Plaintiffs' Motion as to Count I.

### A.  Legal Standard for Rule 23 Certification

To be entitled to class certification under Federal Rule of Civil Procedure 23, the party seeking certification must have standing, and must meet each of the requirements specified in Rule 23(a), as well as at least one subsection of Rule 23(b). *See Klay v. Humana, Inc.*, 382 F.3d 1241, 1250 (11th Cir. 2004). In addition, "[a] plaintiff seeking certification of a claim for class

---

[2] Section 448.110 of the Florida Statutes provides in relevant part that "employers shall pay employees a minimum wage at an hourly rate of $6.15 for all hours worked in Florida," and also incorporates provision of Sections 213 and 214 of the federal FLSA, as interpreted by applicable federal regulations and implemented by the Department of Labor.

treatment must propose an adequately defined class that satisfies the requirements of Rule 23."

*Kelecseny v. Chevron, U.S.A., Inc.*, 262 F.R.D. 660, 667 (S.D. Fla. 2009). The court must ensure,

through "rigorous analysis," that each and every element of Rule 23 is established at the time of

certification. *See* Advisory Committee's Note to Fed. R. Civ. P. 23. It is well-settled that a

plaintiff bears the burden to meet every element of Rule 23. *Vega v. T-Mobile USA, Inc.*, 564

F.3d 1256, 1267 (11th Cir. 2009). In addition, "it may be necessary for the court to probe behind

the pleadings before coming to rest on the certification question." *Gen. Tel. Co. of Sw. v. Falcon*,

457 U.S. 147, 160 (1982). Specifically, "a court may consider the substantive elements of the

plaintiffs' case in order to envision the form that a trial on those issues would take." *See*

*generally Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 166 (3d Cir.

2001) (quoting 5 Moore's Federal Practice § 23.46[4])).

### B. Class Definition

Before considering the requirements of Rule 23, the Court must determine whether a

class exists that can adequately be defined. *Singer v. AT &T Corp.*, 185 F.R.D. 681, 685 (S.D.

Fla. 1998) (citing *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir.1970)). "While the

definition of the class must not be vague or difficult to apply, the implicit definition requirement

does not require an overly strict degree of certainty and is to be liberally applied." *Id.* Plaintiffs'

proposed class consists of:

> All hourly-paid employees of the Defendants, who were employed by Defendants from June
> 15, 2007 through March 11, 2011, and who the Defendants purported to pay wages through
> the use of a "tip credit," by paying a reduced wage and taking a tip credit of $3.02 per hour,
> and whose wages were reduced by the cost of uniforms, a $3.00-per-shift deduction; who
> were required to share tips with employees who did not work in the presence of customers
> and who were paid a rate of $4.19 per hour after July 24, 2009, when the Federal minimum
> wages increased.

Motion, at 6–7.

Upon consideration of the proposed class definition, the Court finds that it is vague, indefinite, and overbroad. For example, the proposed class definition includes "[a]ll hourly-paid employees," but fails to distinguish between tipped and non-tipped employees. This factual limitation is necessary to ensure the proposed class is made up only of those Plaintiffs who share commonality. Count I centers on the allegation that Defendants employed a unified policy of deducting $3.00 per shift from its *tipped* employees, i.e., servers, hostesses, and bartenders, that Plaintiffs allege had the effect of bringing Plaintiffs' and others similarly-situated's wages below the minimum wage. Under 29 U.S.C. § 203(m), an employer is permitted to take a tip credit toward its minimum wage obligation as long as: 1) the tipped employee is informed of the tip credit provisions, and 2) the tipped employee retained all of the tips. Pooling of tips is also permissible under the law as long as the pool does not include "employees who customarily and regularly received tips," such as dishwashers, cooks, chefs, and janitors. *See* U.S. Department of Labor Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA).

Here, Plaintiffs fail to limit the proposed class to those tipped employees who were not informed of the tip credit policy and/or were not able to retain all of their tips by virtue of participating in an invalid tip pool. Instead, Plaintiffs' class purports to include employees who were simply required to share tips with "employees who did not work in the presence of customers," but may have still "customarily and regularly received tips." Failing to make these distinctions places the burden on the fact-finder to determine, on an individualized basis, whether Defendants have valid affirmative defenses. The class's susceptibility to individualized affirmative defenses also mitigates against class treatment under Rule 23(b)(3). *See White v. Deltona Corp.*, 66 F.R.D. 560, 564 (S.D. Fla. 1975) (finding determination of whether individual claims are barred by affirmative defenses mitigates against predominance under Rule 23(b)(3)).

Because class membership cannot be defined by objective criteria, the Court finds that the class is not readily ascertainable.

Accordingly, the Court finds that the proposed class definition does not meet the requirements of Rule 23.

### C. Rule 23(a)

Rule 23(a) has four requirements: numerosity, commonality, typicality, and adequacy of representation. The numerosity requirement necessitates a determination as to "whether 'the class is so numerous that joinder of all members is impracticable.'" *Vega*, 564 F. 3d at 1266–67 (quoting Fed. R. Civ. P. 23(a)(1)). Commonality requires that there be "questions of law or fact common to the class." Specifically, plaintiffs have the burden to "demonstrate that the class members have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550–51 (2011) (internal quotations omitted). Further, it is insufficient for plaintiffs merely to assert a string of common questions without demonstrating how resolution of these questions evidences common injury. *Id.* "[T]ypicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." *Cooper v. v. Southern Co.*, 390 F. 3d 695, 713 (11th Cir. 2004). "A class representative must . . . possess . . . the same injury as the class members" in order to be typical under Rule 23(a)(3). *Prado-Steiman ex rel. Prado v. Bush*, 221 F. 3d 1266, 1279 (11th Cir. 2000). Lastly, adequacy of representation "encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F. 3d 1181, 1189 (11th Cir. 2003).

### i.   Numerosity

The first requirement of Rule 23(a) is that the class must be "so numerous that joinder of

all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[A] numerical yardstick is not the determinant for class certification; rather a court should examine the numbers involved to see if joinder of all is impossible or impracticable." *Hastings-Murtagh v. Texas Air Corp.*, 119 F.R.D. 450, 459 (S.D. Fla. 1988). Parties seeking class certification do not need to know the "precise number of class members," but they must make "reasonable estimates with support as to the size of the proposed class." *Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697, 699 (M.D. Fla. 2000). The Eleventh Circuit has held that "[g]enerally, less than twenty-one is inadequate, more than forty adequate." *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 490 (S.D. Fla. 2003) (quoting *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986)). Moreover, under *Kilgo v. Bowman Trans.*, 789 F.2d 859, 878 (11th Cir. 1986), numerosity may be satisfied where plaintiffs identify at least 31 class members "from a wide geographical area."

In the present action, over twenty individuals have come forward seeking to file minimum wage claims through various amendments to the Complaint. Plaintiffs' affidavits also indicate that there are others similarly situated and estimate the class to number at least fifty individuals. *See* Motion, at 8. While the majority of the named Plaintiffs reside in the same geographic area as the Defendants, Plaintiffs argue that class action is nonetheless favorable because "there is a potential for reluctance among class members to continue to reside in Key West to sue individually for fear of being black-listed." *Id.* Defendants do not specifically contest numerosity in their Response.

Accordingly, the Court finds that the numerosity requirement of Rule 23 is satisfied.

### ii.   Commonality and Typicality

"The typicality and commonality requirements are distinct but interrelated, as the Supreme Court made clear: 'The commonality and typicality requirements of Rule 23(a) tend to

8

merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.' " *Cooper*, 390 F.3d at 713 (quoting *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982)), *overruled on other grounds by Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006).

"Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury," and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution–which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S. Ct. at 2551 (internal quotations and citation omitted).

Typicality differs from commonality in that it focuses on the named class representative's individual characteristics in comparison to the proposed class. *Piazza v. EBSCO Indus. Co.*, 273 F.3d 1341, 1346 (11th Cir. 2001); *Prado-Steiman v. Bush*, 221 F.3d 1266, 1269 (11th Cir. 2000). Accordingly, typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality is satisfied where the named plaintiffs' claims "arise from the same event or pattern or practice and are based on the same legal theory" as the claims of the class. *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984), *cert. denied*, 470 U.S. 1004 (1985).

As alleged, the common issues arise from Defendants' purportedly "unified" policy of deducting $3.00 per shift from its tipped employee. Plaintiffs, however, fail to allege facts or present evidence that support a finding that the alleged "tip credit" policy injured all class members in the same way and generated common answers central to the viability of the claims if

this case were to proceed to trial. *Cf. Dukes*, 131 S. Ct. at 2557 (holding plaintiffs failed to satisfy the commonality requirement because they "provide[d] no convincing proof of a companywide discriminatory pay and promotion policy," and without such proof, it would have been impossible to produce a common answer to the question of why each class member was disfavored). Plaintiffs present no record evidence, for example, that Defendants were not entitled to the tip credit exemption because they either failed to inform the employees of the policy or did not allow employees to retain all their tips. *See* 29 U.S.C. § 203(m). Indeed, the deposition testimony of Plaintiffs Destiny Montgomery and Jesse Bennett (DE #72, 74) supports a finding that Plaintiffs were informed about the tip credit policy in the employment applications and employee handbooks they signed. *See* Montgomery Dep., at 36:20–25, 37:1–7, 52:15–18, 99; Bennett Dep., at 77:2–24, Ex. 4.

The record is also devoid of any evidence that supports Plaintiffs' allegation that "the tip credit was invalidated due to sharing the tips with employees that worked outside the presence of customers." Motion, at 10; *see also* FAC, at ¶ 20 (alleging in conclusory fashion that "the 'tip credit' is unavailing because the Employer took control of Plaintiffs's tips and used them to pay the wages of other employees who customarily worked outside the presence of customers."). The only evidence that the tip pool was invalided by inclusion of non-tipped employees is contained in the affidavits of four (of twenty-one) named Plaintiffs, who worked at one (of five) restaurants, and allegedly shared their tips with *one* person, Ernesto, who, according the affidavits, was "the person responsible for making daiquiris … performed his work outside the presence of customers[,] and did not have any responsibilities in the presence of customers." *See* Montgomery Aff. ¶ 8; Logue Aff. ¶ 9; Bennett Aff. ¶ 8; Leonard Aff. ¶ 8 (DE #60, at Exs. 1, 2, 5, 6). This, of course, falls far short of establishing that Plaintiffs' claims are capable of

classwide resolution or that the claims or defenses of the representative parties are typical of the claims or defenses of the class.

Absent some evidence beyond the conclusory allegations of the FAC that the entire tip credit policy was unlawful, the Court is unable to determine whether the minimum wage claims raise issues common to the class. *See Dukes*, 131 S. Ct. at 2550–51; *State of Ala. v. Blue Bird Body Co., Inc.*, 573 F. 2d 309, 323 (5th Cir. 1978)[5] (declining to find whether there was a common question of conspiracy where record devoid of evidence due to restricted discovery at the district court level). Accordingly, the Court finds that Plaintiffs' claims for unpaid minimum wages present numerous discrete legal issues and affect the types of damages available to the individual Plaintiffs, weighing against a finding of commonality or typicality.

### iii.   Adequacy

Under Rule 23(a)(4), the Court must be satisfied that the "representative parties will fairly and adequately protect the interests of the class." This requirement is satisfied when (i) the class representatives have no interests conflicting with the class; and (ii) the representatives and their attorneys will properly prosecute the case. *Sosna v. Iowa*, 419 U.S. 393, 403 (1975); *Valley Drug*, 350 F.3d at 1189. Adequacy exists where the named plaintiffs share common interests with the class members and seek the same type of relief for themselves as they seek for the class. *Pottinger*, 720 F. Supp. at 959.

The Court has substantial doubt on whether adequacy of representation is satisfied. As discussed prior, the Court finds it likely that as the case unfolds there will be intra-class conflicts that preclude a finding of adequacy of representation. For example, the evidence suggests that

---

[5] Decisions of the United States Court of Appeals for the Fifth Circuit handed down by the close of business on September 30, 1980 are binding as precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

some of the individual Plaintiffs may have shared tips with non-tipped employees, while others did not. In addition, the Court is not satisfied that the lead Plaintiffs and the firm seeking appointment as class counsel will properly and adequately prosecute this case. While counsel is experienced in Florida minimum wage claims, the various amendments to the Complaint, culminating in Court intervention to impose a deadline for Plaintiffs to move for class treatment, raises doubt that adequacy of class representation has been demonstrated under Fed. R. Civ. P. 23(g).

### D. Rule 23(b)

Because the Court is not satisfied that all of the elements of Rule 23(a) have been met, it need not shift to an analysis under Rule 23(b)(3). As detailed above, individualized legal and factual issues here predominate over common issues, and resolution of the common issues in a single, coordinated proceeding is not superior to individual lawsuits. *See Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010).

### II. <u>Section 216(b): Collective Action as to Overtime Claims (Count II)</u>

In addition to Rule 23 certification, Plaintiffs seek Court-supervised notice to similarly-situated servers, bartenders, and/or hostesses of their opt-in rights pursuant to 19 U.S.C. § 216(b) in relation to Count II. *See* FAC at ¶¶ 57–69. In support thereof, Plaintiffs allege that the following claims are common to the class: (1) Defendants paid an incorrect overtime rate of $6.285 per hour (instead of $10.88 per hour) to employees that worked at one restaurant; (2) Defendants failed to pay any overtime wages to employees that worked at two restaurants for combined hours that exceeded forty hours weekly; and (3) Defendants' overtime wage requirement violations were willful. For the reasons explained more fully below, the Court grants Plaintiffs' Motion for collective action certification as to Count II in part.

### A. Conditional Collective Action Certification Standards

Section 216(b) of the FLSA authorizes one or more employees to bring a collective action against their employer for unpaid minimum wages or unpaid overtime "for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike a Rule 23 class action, in which each person falling within a certified class is bound by the judgment unless he or she opts out, each putative plaintiff must affirmatively opt into a Section 216(b) class action. *De Leon-Granados v. Eller and Sons Trees, Inc.*, 497 F.3d 1214 (11th Cir. 2007). The Eleventh Circuit suggests that district courts use a two-stage process in deciding whether to create an opt-in class and to facilitate notice. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F. 3d 1208, 1219 (11th Cir. 2001).

The first stage, where the Court currently finds itself, is known as the "notice" or "conditional certification" stage. *Morgan v. Family Dollar Stores, Inc.*, 551 F. 3d 1233, 1260–61 (11th Cir. 2008). At this stage, a court may grant conditional certification if a plaintiff demonstrates a reasonable basis to believe that: (1) there are other employees of the Defendant who desire to opt-in and (2) that these other employees are " 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. State of Fla. Dep't of Corrs.*, 942 F. 2d 1562, 1567–68 (11th Cir. 1991).

To satisfy the reasonable basis test, a plaintiff must have "more than 'only counsel's unsupported assertions that FLSA violations [are] widespread and that additional plaintiffs' " exist. *Morgan*, 551 F. 3d at 1261 (quoting *Haynes v. Singer Co.*, 696 F. 2d 884, 887 (11th Cir.1983)). However, a plaintiff need not show that his position is "identical" to the position held by any other putative class member and "may meet this burden, which is not heavy," by making "detailed allegations supported by affidavits which successfully engage defendants' affidavits to

the contrary." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096–1097 (11th Cir. 1996) (internal citation and quotation omitted). If the plaintiffs meet this initial burden, the court will conditionally certify a class and allow plaintiffs to send notice to similarly situated potential plaintiffs.

The Eleventh Circuit has stated that a "district court's broad discretion at the notice stage [when deciding whether to conditionally certify a class] is thus constrained, to some extent, by the leniency of the standard for the exercise of that discretion." *Morgan*, 551 F. 3d at 1261. Where discovery has not been completed, the typical result is that the motion is granted. *Cameron–Grant v. Maxim Healthcare Servs., Inc.*, 347 F. 3d 1240, 1243 (11th Cir. 2003) (quoting *Hipp*, 252 F. 3d at 1216). *See also Morgan*, 551 F. 3d at 1262 (stating that "detailed pleadings and affidavits" may suffice to demonstrate reasonable basis that other employees are "similarly situated" and refusing to "hold that the [relatively substantial] amount of discovery that preceded the first-stage certification here is required").

### B. Other Opt-In Plaintiffs

Plaintiffs argue that a review of the docket supports a finding that other employees desire to opt-in to this litigation. Specifically, Plaintiffs cite to twenty-one named Plaintiffs (DE #35), joined through numerous amendments to the complaint, and an additional three individuals who have served pre-suit notice with the intention of joining the suit (DE #41). Plaintiffs also submit affidavits of three employees, which indicate they are separately aware of fifty other similarly-situated employees who were not paid overtime. *See* Montgomery Aff. ¶ 9; Gomes Aff. ¶ 9; Bennett Aff. ¶ 9 (DE #60, at Exs. 1, 3, 5). Although the exact number is not presently known, Plaintiffs further allege the class number is over one hundred individuals. Motion, at 2.

Courts in this district have held that the existence of just one other co-worker who desires to join in is sufficient to "rais[e] the Plaintiff's contention beyond one of pure speculation." *Guerra v. Big Johnson Concrete Plumbing, Inc.*, No. 05-14237-CIV, 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006). It is therefore clear for purposes of a conditional certification analysis that a reasonable basis exists to believe there are other employees who desire to opt-in. *See Vondriska v. Premier Mortg. Funding, Inc.*, 564 F.Supp.2d 1330, 1334 (M.D. Fla. 2007) (nineteen declarations expressing a desire to opt-in held to satisfy this first prong): *Bell v. Mynt Entm't, LLC*, 223 F.R.D. 680, 683 (S.D. Fla. 2004) (affidavits of seven plaintiffs indicating others desired to opt in and detailing allegations of wage violations held sufficient for conditional certification).

### C. Similarly-Situated Employees

Plaintiffs argue that other similarly-situated current and former employees are ascertainable and identifiable by a review of Defendants' records and, absent notice of this lawsuit, such employees will fail to learn of their potential right to recover unpaid overtime wages. Plaintiffs seek to send Court-supervised notice to the following proposed class:

> (1) All hourly-paid servers, bartenders and hostesses, whom worked for Defendants between June 15, 2009 and May 30, 2011, at two or more locations of the Defendants and their combined hours exceeded forty per week, but were not paid overtime wages. (2) All those employees who worked at any of the Defendant restaurants from June 15, 2009 and May 30, 2011, and who were paid an hourly wage through the use of a "tip credit" but were not paid the correct overtime rate.

Motion, at 16.  In support of conditional certification, Plaintiffs cite to the continuous joinder of similarly-situated servers, bartenders and hostesses, as well as the affidavits of three named Plaintiffs, Gomes, Montgomery, and Bennett, who indicate they are aware of at least fifty other employees who are similarly situated to Plaintiffs. Plaintiffs argue that this evidence meets the

minimal requirement of showing Plaintiffs held positions that are "similar, not identical, to the positions held by the putative class members." *Id.* at 18 (citing *Grayson*, 79. F. 3d 1086, 1096).

Defendants contend that, despite this low threshold, Plaintiffs' proposed class fails to identify a company plan or policy that violates FLSA's overtime provisions, other than generally stating that certain and specific Plaintiffs occasionally worked in excess of forty hours and did not receive overtime compensation. *See* Response, at 17. Defendants further contend that the second group of employees in Plaintiffs' proposed class, who were allegedly paid an incorrect overtime rate, should be excluded since the record evidence shows Defendants recognized the mistake and sent a cashier's check to the Department of Labor for improperly computing overtime payments. *See id.* (citing Ex. 7. to Motion).

At the notice stage, courts ordinarily do not engage in credibility determinations; "defendant's burden is, for all practical purposes, to attempt to demonstrate that a plaintiff has presented *insufficient,* not factually wrong, evidence." *Reyes v. AT& T Corp.*, 801 F. Supp. 2d 1350, 1358 (S.D. Fla. 2011) ("In keeping with the practical approach which shuns credibility battles at the first stage, "in all but a handful of cases, [where discovery has already occurred,] the individual factual analysis is saved for the second stage of certification.") (internal footnote, quotation marks, and citations omitted) (emphasis in the original). However, unlike in *Reyes* and other cases cited therein, the parties here have been participating in discovery for seven months. The Court will therefore consider the deposition testimony and other record evidence in construing Plaintiffs' affidavits to better determine whether or not the case is manageable as a collective action. *See Bouthner v. Cleveland Constr., Inc.*, No. RDB–11–0244, 2012 WL 738578, at *4 (D. Md. Mar. 5, 2012) ("consideration of issues relating to the manageability of a

proposed collective action is appropriate at the notice stage of a FLSA action) (internal quotations and citations omitted).

With respect to the first group of employees in Plaintiffs' proposed class, the evidence demonstrates that affiants worked as hourly-paid servers, bartenders, and/or hostesses at two or more locations of the Defendants' restaurants, during the specified time period, and their combined hours exceeded forty hours, for which they were not paid overtime. *See, e.g.,* Montgomery Aff. ¶ 9. At this stage, the relevant inquiry is whether or not Plaintiffs and these putative class members are " 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *See Dybach*, 942 F. 2d at 1567–68. The Court finds that the employees' affidavits, together with the other evidentiary submissions, contain sufficiently detailed allegations to demonstrate a reasonable basis for a collective claim treatment of this specific group with respect to overtime violations in Count II.

With respect to the second group of employees, who were paid through a tip credit, the Court finds that Plaintiffs have failed to provide evidence of a unified policy or scheme employed by Defendants that violates FLSA. Instead, Plaintiffs seem to seek to certify a class of employees who were simply paid at an incorrect overtime rate of $6.285 per hour instead of $10.88 per hour. *See, e.g.,* Leonard Aff. ¶ 9. As detailed above, the record evidence related to the alleged "tip credit" policy raises several individualized issues that render the group unmanageable as a collective class. Moreover, Defendants admitted that they paid the incorrect rate and corrected the alleged violation by mailing a check to the Department of Labor. *See* Motion, at Ex. 7; *see also* Letter from Joseph Walsh (DE #50-7). This alone would raise individual issues as to which employees were reimbursed and would lead to potential intra-class

conflict. Accordingly, the Court finds that certification for the second group of Plaintiffs' proposed class is not warranted.

### D. Notice

Defendants object to the form Notice submitted by Plaintiffs (DE #60-8) because it fails state Defendants' position in the lawsuit, advise potential plaintiffs about the right to have their own attorney, and advise potential plaintiffs about the possibility of having to participate in the discovery process and trial. *See* Response, at 19. The Court hereby modifies the proposed Notice to track the form used in the case of *Bell v. Mynt Entm't, LLC,* 223 F.R.D. 680 (S.D. Fla. 2004). *See* attached Notice.

## CONCLUSION

After careful consideration, and being fully advised as set forth above and in accordance with the findings herein, it is hereby

**ORDERED, DECREED, AND ADJUDGED** as follows:

1.       Plaintiffs' Motion for Declaration of a Class Action **(DE #60)** is **DENIED in part, GRANTED in part**:

a.       With respect to Count I of the Fourth Amended Complaint, and pursuant to Federal Rule of Civil Procedure 23, the Court denies Plaintiffs' motion to certify a class action.

b.       With respect to Count II of the Fourth Amended Complaint, and pursuant to 29 U.S.C. § 216(b), the Court grants Plaintiffs' motion for Court-ordered notification to similarly situated employees claiming unpaid overtime wages and certifies the following conditional class:

> All hourly-paid servers, bartenders, and hostesses, who worked at two or more locations of the Defendants' restaurants between June 15, 2009 and May 30, 2011, and whose combined hours exceeded forty per week, for which they were not paid overtime wages.

2.      Within **60 days** of this Order, or on or before **Tuesday, September 18, 2012**, Defendants shall identify and produce to Plaintiffs a list containing the name(s), job title(s), dates of employments, and last known addresses, telephone numbers, and e-mail addresses, for persons identified in the overtime class stated above.

3.      The attached notice of collective action and opt-in consent form is approved. The Plaintiffs shall mail this notice via regular U.S. Mail, on or before **October 18, 2012**. Potential opt-in, similarly situated plaintiffs must consent to opt-in to this litigation by **Friday, November 16, 2012**.

4.      The present Scheduling Order of June 11, 2012 **(DE #56)**, is hereby **CANCELLED**. New discovery and motion practice deadlines will be entered after the opt-in period.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida this 20th day of July, 2012.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:     All Counsel of Record

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

*This is a Court–Authorized Notice and is not a Solicitation from a Lawyer*
*The Court Has Made No Finding as to the Merits of the Case at this Time*

### IF YOU ARE OR WERE A SERVER, BARTENDER, AND/OR HOSTESS EMPLOYED BY CAROLINE'S CAFÉ, FOGARTY'S KEY WEST, JACK FLATS, RED FISH BLUE FISH, AND/OR MANGOES IN KEY WEST, FLORIDA, A COLLECTIVE ACTION LAWSUIT MAY AFFECT YOUR RIGHTS.

- Former servers, bartenders, and hostesses have sued the owners of Caroline's Café, Fogarty's Key West, Jack Flats, Red Fish Blue Fish, and Mangoes, located in Key West, Florida, in federal court in Key West, Florida, alleging that they were unlawfully and willfully deprived of their overtime wages, which they allege were unlawfully retained by the restaurants' joint owners. The restaurants deny joint ownership and any wrongdoing. The case name is *Jesse Bennett, et. al. vs. Hayes Robertson Group, Inc., et. al., Case No.: 11–10105–CIV–KING.*
- The Court has permitted the Plaintiffs to send Notice to all similarly-situated current and former servers, bartenders, and hostesses advising them of their right to opt into, or join, this lawsuit to assert their similar legal rights.
- The Court has not yet decided whether any of the restaurants have done anything wrong. There is no money available now and no guarantees that there will be. However, you have a choice to assert your legal rights in this case.

YOUR LEGAL RIGHTS & OPTIONS

| | |
|---|---|
| Do Nothing | **Do Nothing. Lose Nothing (except resulting from the passage of time).** By doing nothing, you retain your legal rights to bring a separate suit against any of the above-mentioned restaurants for unlawful withholding of your overtime wages. If money or benefits are later awarded in this case, you will not share in them. |
| Ask to Be Included | **Complete Opt–In Consent Form.** By "opting in," you gain the possibility of getting money or benefits that may result from a trial or settlement, but you give up your right to separately sue the above-mentioned restaurants for the same legal claims brought in this lawsuit and may be required to participate in discovery and a trial. |

Your options are included in this Notice. To opt-in, you must complete the Opt–In Consent Form and forward it to the attorneys designated in the Notice by **Friday, November 16, 2012**.

If you have any questions or concerns, please contact:

**Eddy O. Marban, Esq.**
The Law Offices of Eddy O. Marban, Esq
1600 Ponce de Leon Boulevard, Suite 902
Coral Gables, Florida 33134
(305) 448-9292
(305) 448–9477 (fax)
Email: marbanlaw@gmail.com

## OPT–IN CONSENT FORM

*Jesse Bennett, et al. vs. Hayes Robertson Group, Inc., et. al.*
*Case No.:11–10105–CIV–king*

**Complete and Mail to:**
Eddy O. Marban, Esq.
The Law Offices of Eddy O. Marban, Esq
1600 Ponce de Leon Boulevard, Suite 902
Coral Gables, Florida 33134
ATTN: BENNETT FLSA COLLECTIVE ACTION

Name: _____ S.S.# (optional): _____
Address: _____ Work Phone: _____
_____ Home Phone: _____
_____ Cell Phone: _____
_____ E-mail: _____

### CONSENT TO JOIN COLLECTIVE ACTION
**Pursuant to the Fair Labor Standards Act**
**29 U.S.C. § 216(b)**

1. I consent and agree to pursue my claims arising out of my employment as a server/waitress, bartender, and/or hostess at Caroline's Café, Fogarty's Key West, Jack Flats, Red Fish Blue Fish, and/or Mangoes Restaurants in connection with the above referenced lawsuit.

2. I work/worked in the position(s) of _____ from on or about _____ (month, year) to on or about _____ (month, year).

3. During the above time period, I worked at two or more locations as part of the restaurants' policy of sharing employees.

4. During the above time period, I worked combined hours exceeding forty hours a week.

5. During the time period that I worked combined hours exceeding forty hours a week, I was not fully compensated.

6. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

7. I hereby designate The Law Offices of Eddy O. Marban, 1600 Ponce de Leon Boulevard, Suite 902, Coral Gables, Florida 33134 to represent me for all purposes in this action.

8. I also designate the collective action Representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, the entering of an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

(Signature) _____ (Date Signed) _____
Print
Name _____

### **NOTE**

Statute of limitations concerns mandate that you return this form as soon as possible to preserve your rights no event later than by **Friday, November 16, 2012**.