UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION
CASE NO. 11-10105-CIV-KING

JESSE BENNETT et al.,

Plaintiffs,

vs.

HAYES ROBERTSON GROUP, INC.,
et al.,

Defendants.
_____/

## ORDER SEVERING AND DISMISSING COUNT I

**THIS CAUSE** comes before the Court upon Defendants' Motion to Sever Plaintiffs (DE #90) filed October 5, 2012. Therein, Defendant requests that the Court sever the remaining minimum wage plaintiffs from the overtime wage plaintiffs.

On June 15, 2012, Plaintiffs filed a Motion to Certify Class that sought to certify a hybrid class action. Count I sought to certify a representative class under Rule 23 for claims of violations of Florida Minimum Wage, and Count II sought to certify a conditional class under the Fair Labor Standards Act (FLSA) for overtime claims. This Court granted conditional certification under 29 U.S.C. § 216(b) with respect to the overtime claims (Count II), and denied Rule 23 certification with respect to the minimum wage claims (Count I).[1] Since the Court's Order, an opt-in period has permitted additional overtime plaintiffs to opt into the FLSA conditionally certified class. The opt-in period ended November 16, 2012.

The Court's Order denying class certification to Count I (DE #78) must necessarily be treated as having dismissed all claims under Count I without prejudice to re-file. Therefore,

---
[1] (DE #78, filed July 20, 2012).

1

Plaintiffs must necessarily re-file any claims under Count I as separate, individual claims with new case numbers.

The Court's conditional certification of a class includes individuals fitting the following definition:

> All hourly-paid servers, bartenders, and hostesses, who worked at two or more locations of the Defendants' restaurants between June 15, 2009 and May 30, 2011, and whose combined hours exceeded forty per week, for which they were not paid overtime wages. (DE #78 at 18).

The Court notes that Plaintiffs initially sought a broader class definition under Count II, but the Court found that conditional certification was only appropriate for the above-defined class. (*See* DE #78 at 17-18). Therefore, any remaining overtime claims which do not fit within the conditionally-certified class must necessarily also be re-filed as separate, individual claims with new case numbers.

At this juncture, it is now appropriate for Plaintiffs to correct the styling of this case to reflect any severed claims as well as any plaintiffs who have joined the conditionally certified class through the opt-in process. In addition, now that the opt-in period has closed, the Court will re-set discovery and motion practice deadlines pertaining to the conditionally certified-class, as indicated in its Order. (*Id.* at 19).

Therefore, the following is **ORDERED, ADJUDGED and DECREED**:

1. All minimum wage claims (those claims under Count I of the Complaint) be, and the same are hereby, **DISMISSED** without prejudice to re-file individually as new cases.

2. Any remaining overtime claims which do not fit within the class definition be, and the same are hereby, **DISMISSED** without prejudice to re-file individually as new cases.

3. Plaintiffs shall re-organize the style of this case to reflect the dismissal of the Count I claims as well as the addition of all the members of the opt-in class that closed November 16, 2012.

4. The Court will enter a separate scheduling order for this case.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida this 25th day of January, 2013.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record